# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| IN RE THE MATTER OF SUBPOENA ISSUED TO MFA INCORPORATED BY E.I. DUPONT DE NEMOURS AND COMPANY AND PIONEER HI-BRED INTERNATIONAL, INC., <br><br> MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY LLC, <br><br>         Plaintiffs, <br><br>         v. <br><br> E.I. DUPONT DE NEMOURS AND COMPANY and PIONEER HI-BRED INTERNATIONAL, INC., <br><br>         Defendants. | Case No.2:10-MC-09013-FJG |

## ORDER

Currently pending before the Court is MFA Incorporated's Motion to Quash the Subpoena issued to it by defendants E.I. DuPont DeNemours and Pioneer Hi-Bred International, Inc.(Doc. # 1).

MFA states that the documents requested in the subpoena are subject to confidentiality provisions between plaintiff and MFA which prohibit disclosure to a third party except upon order of the Court or other government body.  MFA states that it is without knowledge as to the scope of the issues in the underlying litigation and without knowledge as to the agreements reached between the parties.  MFA states that it is unable to comply with the subpoena without running the risk that it will violate the confidentiality provisions in the documents requested to be produced. Defendants state that the district court which is handling the underlying litigation has entered a protective

order and MFA can designate confidential or proprietary information as either "Confidential" or "Restricted Confidential."  In reply, MFA states that it "is not interested in standing in the way of discovery in this matter; however, MFA is interested in protecting it's own interest in avoiding a dispute with Plaintiff Monsanto Company which could result from complying with this subpoena without an order of this Court." (MFA's Reply Suggestions, p. 2).  MFA also states that while it has gathered documents responsive to the subpoena which are in its immediate control at the corporate offices in Columbia, Missouri, to fully comply with the subpoena would require it to search through a large number of documents located at over 100 retail and wholesale business locations in several states.  MFA states that if the Court orders the documents produced, it should be limited to only those documents in the home office.  MFA states that defendants are in agreement with this limitation.

> Fed.R.Civ.P. 45(c)(3) states in part:
>
> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
> (I)  fails to allow a reasonable time to comply;
> (ii) requires a person, who is neither a party nor a party's officer to travel more than 100 miles . . .
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.
>
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
> (I) disclosing a trade secret or other confidential research, development, or commercial information . . .
>
> (C) Specifying Conditions as an Alternative.  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

> (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
> (ii) ensures that the subpoenaed person will be reasonably compensated.

In <u>The Hunte Corporation v. Martinelli</u>, No. 10-9005-MC-S-RED, 2010 WL 4813849 (W.D.Mo. Nov. 19, 2010), the party who was being subpoenaed argued that the subpoena should be quashed because it required the disclosure of trade secrets and other proprietary information. The Court found the argument unavailing because a confidentiality order had been entered in the underlying action. Similarly, in this case, the Court in the Eastern District of Missouri has also issued a Protective Order. Therefore, MFA can designate which of the documents it produces should be kept confidential.

MFA also argues that it would be unduly burdensome for it to fully respond to the subpoena because it would be required to gather documents which could exist at over 100 retail and wholesale business locations in several different states. However, as noted above, defendants have agreed to limit the request to only those documents located at MFA's corporate office in Columbia, Missouri. Therefore, because the parties have been able to come to an agreement on the scope of the production, this is no longer an objection for failing to respond to the subpoena.

As stated in Fed.R.Civ.P. 45(c)(3)(C), the Court instead of quashing the subpoena may order production under specified conditions. Therefore, the Court hereby **ORDERS** that MFA comply with the subpoena issued by defendants pursuant to the following conditions: 1) MFA shall only produce documents which are responsive to the subpoena and which are maintained at its corporate headquarters in Columbia,

3

Missouri; 2) MFA shall have until **January 28, 2011** in which to respond to the subpoena; 3) Defendants shall reasonably compensate MFA for its costs in responding to the subpoena.  Accordingly, the Motion to Quash is hereby **GRANTED IN PART** and **DENIED IN PART** (Doc. # 1).


Date:   01/07/11            **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                Chief United States District Judge